UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARYL BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MARYSVILLE et al.,<br><br>Defendant. | CASE NO. 25-cv-02218-JHC<br><br>ORDER |

This matter comes before the Court on pro se Plaintiff Daryl Brown's "Ex Parte Motion for Temporary Restraining Order re: Preliminary Injunction." Dkt. # 2. Plaintiff moves under Federal Rule of Civil Procedure 65(b) to "enjoin Defendants from continuing judicial proceedings and enforcement actions that violate Plaintiff's constitutional rights[.]" *Id.* at 1. But Rule 65(b) allows the Court to issue a temporary restraining order (TRO) without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

ORDER - 1

Although Plaintiff proceeds pro se, he must still comply with these requirements, and his motion does not describe any efforts he has made to give notice to Defendants or mention any reason why notice should not be required. *See generally* Dkt. # 2; *see Avila v. Newrez, LLC*, 2024 WL 4664423, at *3 (E.D. Cal. Nov. 4, 2024) ("Courts regularly deny TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs.") (collecting cases).

For these reasons, Plaintiff's Motion is DENIED. Dkt. # 2.

Dated this 13th day of November, 2025.

John H. Chun
United States District Judge

ORDER - 2