UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARYL BROWN, | CASE NO. 25-cv-02218-JHC |
| Plaintiff, | ORDER |
| v. | |
| CITY OF MARYSVILLE et al., | |
| Defendants. | |

This matter comes before the Court sua sponte on pro se petitioner Daryl Brown's Complaint, Dkt. # 8.

A complaint filed by any party that proceeds in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening, and a court must dismiss a complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants that are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff does not need to provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

ORDER - 1

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Still, when the plaintiff is pro se, courts "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n.1 (9th Cir.1985) (en banc)).

Even construing Brown's claims liberally, he fails to state a claim.  The *Rooker-Feldman* doctrine prevents a lower federal court from reviewing a state court decision.  *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022).  This doctrine prevents a federal district court from exercising jurisdiction "not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Id.* (quoting *Morrison v. Peterson*, 809 F.3d 1059, 1069–70 (9th Cir. 2015)).  An impermissible de facto appeal arises under *Rooker-Feldman* "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)).  A review of Brown's complaint shows it is largely a "de facto" appeal of claimed legal wrongs committed during state court proceedings.  *See* Dkt. # 8. For example, in Claim I, Brown says, "Brown's Actions Were Lawful" and he then proceeds to list the elements of various Washington State laws. Dkt. # 8 at 2–4.  As another example, he says, "Judge Towers egregiously testified as witness making determinations contrary to witness testimony instead providing substituted subjective standards of her own for strict legislative compliance." *Id.* at 10.  In another instance, he claims, "Judiciary negligently or intentionally failed to recognize key evidence, witness testimony and ignored medical trauma caused by PTSD after plaintiff informed the judge while openly showing bias lauding the position that police have in society and making condescending comment about the plaintiff's intelligence." *Id.* at 11.  He also claims, "Hamburg perjured himself under trial testimony contrary to the filed report under oath and admitted to the deception during trial.  His report and other BWC camera footage was

used during trial exposing numerous false actions by officers and violating the right to privacy for the family." *Id.* at 9.

Brown likewise makes no allegations against many Defendants. Defendants Wiseman, Edinger, Hangawa, Fortney, Elsnere, Gribble, Hiroshima, Muller, King, Richards, Norton, James, Condyles, and Stevens only appear in the Complaint in the "Table of Defendants." *See id.* at 17–23. Particularly because each of these individuals is named as a defendant in their personal capacity, this is insufficient to state a claim. *Id.*

For these reasons, the Court DISMISSES without prejudice Brown's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and grants him leave to amend, if he wishes, within 14 days of the filing of this Order. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). If Brown's amended complaint fails to meet the required pleading standard, the Court will dismiss the matter with prejudice.

The Court STRIKES as moot the other motions pending in this matter. Dkt. ## 15, 17, 18.

Dated this 12th day of December, 2025.

John H. Chun
United States District Judge