UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARYL BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MARYSVILLE et al.,<br><br>Defendant. | CASE NO. 25-cv-02218-JHC<br><br>ORDER |

## I

### INTRODUCTION

Before the Court is Defendant State of Washington Commission of Judicial Conduct (the CJC) and Commissioner Kanazawa's Second Motion to Dismiss.  Dkt. # 28.  The Court has considered the motion and opposition (Dkt. # 30), the rest of the record, and the governing law.  Being fully advised, the Court GRANTS the motion.

## II

### DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

ORDER - 1

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). In a pro se action, the court must also "construe the pleadings liberally and [ ] afford the [pro se plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). But pro se or not, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). And a court can (and should) dismiss a complaint if it lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Here, the First Amended Complaint (FAC) names the CJC as a Defendant in the caption; but neither it nor the procedurally improper "Affidavit Supporting First Amended Complaint" includes any factual allegations regarding the CJC. *See* Dkt. # 26. Thus, the FAC fails to state a claim against the CJC. Given this conclusion, the Court need not reach the motion's arguments that the CJC is not a "person" under Section 1983 and regarding the Eleventh Amendment.

Next, for the reasons presented in the motion, Dkt. # 28 at 4, judicial immunity bars any claim against Commissioner Kanazawa. This includes any claim in the FAC or in the

ORDER - 2

procedurally improper "Affidavit Supporting First Amended Complaint." Dkt. ## 26 & 27. Likewise, neither document plausibly seeks prospective injunctive relief against the Commissioner. *See* Dkt. # 28 at 4-5.

### III

### CONCLUSION

For the foregoing reasons, the Court GRANTS the motion and DISMISSES without prejudice all claims against the CJC and Commissioner Kanazawa.

Dated this 27th day of February, 2026.

John H. Chun
United States District Judge

ORDER - 3