UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL BROWN,

Plaintiff,

v.

CITY OF MARYSVILLE et al.,

Defendants.

CASE NO. 25-cv-02218-JHC

ORDER

# I

## INTRODUCTION

This matter comes before the Court on Defendant Judge Cindy Larsen's Second Motion to Dismiss Pursuant to FRCP 12(b)(6).  The Court has considered the materials filed in support of and in opposition to the motion, the rest of the record, and the governing law.  Being fully advised, the Court GRANTS the motion.

# II

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

ORDER - 1

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). In a pro se action, the court must also "construe the pleadings liberally and [ ] afford the [pro se plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). But a court may dismiss a complaint if it lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Even construing Brown's claims liberally, he fails to state a claim. For the reasons presented by Judge Larsen, Dkt. ## 33 & 37, judicial immunity bars all the claims against her in this matter. *See In Re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). The allegations against the judge depend on her conduct as a judicial officer. Notably, Plaintiff's response to the motion does not engage with Judge Larsen's argument regarding judicial immunity—much less cite any legal authority (caselaw or otherwise) that supports allowing a claim to proceed against a judicial officer in similar circumstances. *See generally* Dkt. # 36.

Given the foregoing, the Court GRANTS the motion. Plaintiff does not request leave to again amend his complaint, and the Court declines to grant such leave. Based on Plaintiff's filings in this case, the Court believes that any amendment of the claims against Judge Larsen

ORDER - 2

would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (court may deny leave to amend to pro se litigant when "it is absolutely clear that no amendment can cure the defect" in the complaint). The claims against Judge Larsen are DISMISSED with prejudice.

Dated this 31st day of March, 2026.

John H. Chun
United States District Judge

ORDER - 3