UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL BROWN,

Plaintiff,

v.

CITY OF MARYSVILLE et al.,

Defendants.

CASE NO. 25-cv-02218-JHC

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS

# I

## INTRODUCTION

This matter comes before the Court on Defendants City of Marysville, Daniel Hamburg, Raye Liffrig, Kristen Ehr, Garret Wiseman, Wade Rediger, Darbi Boggs, Erik Scairpon, Jon Nehring, Jon Walker, Emily Tatum, Elisabeth Gribble, Gloria Hirashima, Steve Muller, Tom King, Kelly Richards, Kamille Norton, Mark James, Peter Condyles, Michael Stevens, Fred Gillings, Lorrie Towers, and Suzanne Elsner's (Defendants) Motion for Judgment on the Pleadings.[1]  Dkt. # 38.  Defendants challenge the Amended Complaint, which is at Dkt. # 26.

---

[1] A number of Defendants' names are misspelled in the complaint and in the caption of this case. Wade Rediger is misspelled as "Wade Edinger."  Susan Elsner is misspelled as "Susan G Elsnere."

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS - 1

For the reasons below, the Court GRANTS the motion in part and DENIES it in part, DISMISSES certain claims with and without prejudice, and GRANTS Plaintiff leave to amend.

## II

### DISCUSSION

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that [they are] entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion. *Dworkin v. Hustler Mag.*, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").

When considering a Rule 12(c) motion, courts may consider the pleadings, documents attached to the pleadings, documents incorporated therein, or matters of judicial notice. *Cf. United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Courts must accept the non-moving party's well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019); *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

---

Elisabeth Gribble is misspelled as "Elizabeth Gribble." Gloria Hirashima is misspelled as "Gloria Hiroshima." The Court uses the spelling provided by Defendants in the instant motion.

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS - 2

Federal courts hold a pro se litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Although . . . pro se litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[2]  *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quotations and citation omitted).

A.      Fourth Amendment Claims

Both the unlawful entry and excessive force claims—presumably brought under § 1983—relate to the September 10, 2023 incident in which police officers responded to a domestic violence incident where Plaintiff was allegedly choking his daughter.[3]  *See* Dkt. # 26 at 8; Dkt. # 38 at 5-6; Dkt. # 39 at 4.  Plaintiff specifically names Marysville Police Officer Hamburg as the officer who allegedly unlawfully entered his home and used excessive force. Dkt. # 26 at 8-9.  He also names Officers Ehr, Liffrig, and Wiseman as present at the scene.  Dkt.

---

[2] Plaintiff does not request leave to amend, but because Plaintiff is pro se and, under certain circumstances, "a district court should grant leave to amend even if no request to amend the pleading was made" the Court considers whether such leave is appropriate.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), *overruled, in part on other grounds by, Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see generally* Dkt. # 39.

[3] Plaintiff also briefly alleges another incident, which might raise Fourth Amendment concerns. He describes what in his telling is an unlawful entry by Defendant Boggs when police responded to an incident on May 31, 2023.  *See* Dkt. # 26 at 6.  Defendants have not addressed this cause of action, nor have they requested dismissal of claims against Defendant Boggs.  *See generally* Dkt. # 38.

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS - 3

# 26 at 8-10.  Plaintiff says this incident was captured on body camera and reflected in testimony - presumably from state court criminal proceedings.  *Id.*

### 1.    Unlawful Entry

"A warrantless entry into a home violates the Fourth Amendment unless an exception to the Fourth Amendment warrant requirement applies, such as emergency, exigency, or consent." *Espinosa v. City & Cnty. of San Francisco*, 598 F.3d 528, 533 (9th Cir.2010), *abrogated on other grounds by Cnty. of Los Angeles v. Mendez*, 581 U.S. 420 (2017).  Defendants do not dispute that officers entered Plaintiff's home, but they say that the underlying domestic violence incident qualifies as an exigent circumstance.  Dkt. # 38 at 6.  That may be, but Plaintiff alleges an unlawful entry occurred only after "the alleged victim was already outside, safe, and identified" and he says "[o]fficers observed no signs of danger, and the home was dark, quiet, and calm."  Dkt. # 26 at 8.  If taken as true, as the Court must do in considering the instant motion, no exigent circumstances existed and thus it is unclear from the pleadings that an exception applied and thus the claim may proceed.

### 2.    Excessive Force Claims

In considering an excessive force claim, the Court applies a fact-specific, objective reasonableness standard.  *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Saucier v. Katz*, 533 U.S. 194, 201-202 (2001).  Defendants say Plaintiff choking his daughter made the use of force reasonable, but again they do not consider that Plaintiff has alleged Officers forcibly restrained and then tased Plaintiff only after the attack stopped and when the victim was outside the house and away from Plaintiff.  Dkt. # 38 at 7; Dkt. # 26 at 9-10.  Plaintiff also alleges that he was willingly complying with Officers when the force occurred.  Dkt. # 39 at 5.  No other reason for force appears in the allegations.  *See generally* Dkt. # 26.

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS - 4

Defendants asks the Court to dismiss based on their recitation of facts, but do not engage with Plaintiff's allegations of the incident, which the Court must accept as true. Thus, the excessive force claim may proceed.

B.      Fourteenth Amendment Due Process

To prevail on a procedural due process claim, "a plaintiff must allege: '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Dudley v. Boise State Univ.*, 732 F. Supp.1270, 1278 (D.Idaho 2024). To prevail on a substantive due process claim, "a plaintiff must allege (1) a valid liberty or property interest, (2) which the government infringed in an arbitrary or irrational manner." *Health Freedom Def. Fund, Inc., v. City of Hailey*, 590 F. Supp. 3d 1253, 1265 (D. Idaho 2022). Defendants say Plaintiff has not sufficiently alleged that Defendants have deprived him of any of his liberty interests. The Court agrees.

Plaintiff arguably alleges violations of liberty interests: specifically, the alleged assault and failure to provide medical aid stemming from the December 11, 2025 incident while Plaintiff was in custody of MPD. Dkt. # 26 at 18-19 (saying this incident "violated Plaintiff's rights under the Fourteenth Amendment"). But Plaintiff does not link this alleged assault to any government actor or a Defendant, and thus has not sufficiently stated a claim. *See id.* Nor does he specifically allege what his custody status was at the time of the incident. *See James v. Lee*, 485 F. Supp. 3d 1241, 1254 n.1 (S.D. Cal. 2020) (describing the specific constitutional right based on custodial status). For this reason, Plaintiff's Fourteenth Amendment Due Process claim must be dismissed without prejudice.

C.      Remaining claims

For the reasons presented by Defendants, Plaintiff's Fourth Amendment Equal Protection claim, First Amendment retaliation, Title II of the Americans with Disabilities Act claim,

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS - 5

conspiracy and neglect to prevent conspiracy claims, and fraud on the court claim all fail.  *See* Dkt. # 38 at 7-11.  As Defendants say, Plaintiff has not alleged facts sufficient to support any of these claims and, for most of these claims, fails to allege which Defendant took improper action.  *See generally* Dkt. # 26.  Further, it seems these claims are tethered to only non-actionable conduct or acts that do not violate the law.  For this reason, these claims must be dismissed without prejudice.

D.    *Monell* liability

Defendants say Plaintiff has not established *Monell* liability because Plaintiff does not allege facts to support his claim against the City of Marysville (the City), but only recites the elements of *Monell*.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *see also AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying Ninth Circuit's pleading standard that a plaintiff "may not simply recite the elements" to *Monell*).  The Court agrees.  *See* Dkt. # 26 at 3 (alleging only "systemic abuse"); *see also id.* at 22 (alleging only "municipal failure to train").  Thus, all claims against the City must be dismissed without prejudice.

E.    Judicial immunity

"It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'"  *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir.2008) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871)).

Plaintiff does not allege facts against Judge Fred Gillings or Judge Lorrie Towers indicating that they were acting outside the scope of their judicial office.  *See* Dkt. # 26 at 2, 5, 6, 12-13, 22 (taking issue with the judges' decisions and rulings).  Thus, both judges are entitled to absolute immunity and all claims against them must be dismissed with prejudice.  *See Lucas v.*

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS - 6

*Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (court may deny leave to amend to pro se litigant when "it is absolutely clear that no amendment can cure the defect" in the complaint).

F.      Defendants for whom Plaintiff Does Not Allege Facts

Defendants Wade Rediger, Elisabeth Gribble, Steve Muller, Tom King, Kelly Richards, Kamille Norton, Mark James, Peter Condyles, Michael Stevens, and Suzanne Elsner are not mentioned in the Amended Complaint. *See* Dkt. # 8 at 17-23 (naming listed Defendants in original filing); *see generally* Dkt. # 26. In his response, Plaintiff does not link these Defendants to any cause of action, but implies this is not a requirement. Dkt. # 39 at 10. This argument fails. *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal.2014) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal.1988) ("A plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.'").

The claims against Defendants Wade Rediger, Elisabeth Gribble, Steve Muller, Tom King, Kelly Richards, Kamille Norton, Mark James, Peter Condyles, Michael Stevens, and Suzanne Elsner must be dismissed without prejudice.

G.      Remaining Defendants

Defendants say the remaining Defendants—Raye Liffrig, Kristen Ehr, Garret Wiseman, Erik Scairpon, Jon Nehring, Gloria Hirashima, Jon Walker, and Emily Tatum—should also be dismissed because Plaintiff does not allege sufficient facts to support a claim against them.[4] Dkt. # 38 at 12.

---

[4] Defendants do not request all claims against Defendants Darbi Boggs or Daniel Hamburg be dismissed. *See generally* Dkt. # 38 at 11-13.

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS - 7

As currently pleaded, although Defendants Wiseman, Liffrig, and Ehr were present during the September 10, 2023 incident, Plaintiff lists only non-actionable conduct by these officers. *See* Dkt. # 26 at 7-8, 10. Plaintiff also alleges only minimal facts regarding Defendants Nehring, Hirashima, Walker, Tatum, and Scairpon, and all the conduct is non-actionable. *See generally* Dkt. # 26; *cf.* Dkt. # 26 at 17 (alleging Defendants Hirashima and Walker "created an uncomfortable workplace"). Thus, the claims against these Defendants must be dismissed without prejudice.

## IV

### CONCLUSION

For these reasons, the Court GRANTS the motion in part and DENIES it in part. The Court ORDERS:

(1) All claims against Defendants City of Marysville, Wade Rediger, Elisabeth Gribble, Steve Muller, Tom King, Kelly Richards, Kamille Norton, Mark James, Peter Condyles, Michael Stevens, Suzanne Elsner, Erik Scairpon, Jon Nehring, Gloria Hirashima, Jon Walker, Emily Tatum, Raye Liffrig, Kristen Ehr, and Garret Wiseman are DISMISSED without prejudice.

(2) All claims against Defendant Judge Fred Gillings are DISMISSED with prejudice.

(3) All claims against Defendant Judge Lorrie Towers are DISMISSED with prejudice.

(4) Plaintiff's claims under the Fourteenth Amendment Due Process clause, Fourteenth Amendment Equal Protection clause, First Amendment, Title II of the Americans with Disabilities Act claim, and his conspiracy, neglect to prevent conspiracy, and fraud on the court claims are DISMISSED without prejudice.

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS - 8

The Court GRANTS Plaintiff leave to amend his complaint. Any second amended complaint must be filed on or before June 10, 2026. Amendments must be limited to claims dismissed without prejudice in this order.

Dated this 20th day of May, 2026.

John H. Chun
United States District Judge

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS - 9